OPINION OF THE COURT-by
Chief Justice TURNER.
This is aa action of detinue for slaves, brought in the circuit court of *539 Franklin county, by John M’Neice vs. Adam Carraway. There was a verdict for the plaintiff below for several slaves, byname, the value of some of which was assessed separately, and of others jointly, to wit:— “Leah and her two children, to five hundred dollars.” The declaration sets forth the detention of Leah’s two children, to wit: “Jim and Bob, of the value of five hundred dollars each,” and there was judgment rendered on the verdict in favor of the plaintiff. From which judgment the defendant below took an appeal to this court.
The appellant has assigned several errors, on all which counsel have been heard; but the counsel of the appellee insists that this court cannot notice the evidence offered at the trial before the jury, inasmuch as there is no exception taken to the admission or rejection thereto; that ^although there is much of the evidence recited in the bill of exceptions, yet it makes no part of the record and proceedings which this court can act on.
The only errors which this court deems it proper to notice are the following, to wit:—
1st. The verdict of the jury was palpably erroneous and contrary to law, inasmuch as in their verdict the jury did not sever in the value of the woman Leah and the boys Jim and Bob, but assessed the value of Leah and her two boys jointly, whereas they should have assessed the separate value of eaeh.
3d. That the court erred in not charging the jury, as required by the defendant, in his bill of exceptions.
As to the first error assigned, there is no doubt that in an action of de-tinue, the separate value of each and every article sued for, and found by the jury to be unlawfully detained from the plaintiff, should be found, and it is admitted by the appellee’s counsel, that such is the law; and on this ground, the judgment would be wholly and entirely reversed, but for the provision in the 93d section of the Circuit Court law, Revised Code, page 125, which provides that “if in detinue the verdict shall omit price or value, the verdict may, at any time, award a writ of enquiry to ascertain the same.”
By the seventh section of the Supreme Court law, Rev. Code, page 150, it is provided that “when on any appeal, &c. the judgment, &c. of the court below shall bo reversed, the Supreme Court, shall proceed to render *540 sueh judgment, &c. as the court below should have rendered or passed;; except it be necessary in consequence of the decision of the Supreme Court, that som'e matter of fact be ascertained, or damages be assessed by a jury, &c. the suit, &c. shall be remanded to the court from which it is brought, for a final decision.”
As to the third error assigned, we find in the record a bill of exceptions which recites evidence given on the trial before the jury, and concludes as follows, to wit: “And during the trial of the aforesaid cause, the defendant, by his counsel, prayed the court to instruct the jury that a demand and refusal was necessary to be proved to enable plaintiff to maintain his action, which he did, but charged the jury that the service of the writ was a sufficient demand for that purpose, to which several opinions of the court the defendant excepts, &cIt is further stated in the bill of exceptions, that the defendant gave in evidence the copy of the order revoking the letters of guardianship, &c.; that the counsel for the plaintiff objected to the copy from the Orphans’ Court, setting apart to Elzara Coleman the slaves in question, which objection the Court sustained. But it does not appear that the defendant excepted to this latter opinion of the court, or to any other opinion, decision or charge of the judge, except as above stated.
We consider that the law is now well settled by repeated decisions of this court, that in the action of detinue, the bringing of the suit is a sufficient demand; and we are of opinion that in this respect the court below did not err.
We are also clearly of opinion that this court has no authority to notice the other matters contained in the bill of exceptions. We are called on to reverse or affirm the judgment and decisions of the court below, for errors appearing on the record strictly, and properly so called, and for errors in opinions given by the judge during the progress of the trial, which were excepted to, and none other.
It is therefore considered by the court, that the judgment of the court below be reversed; that the cause be remanded to the circuit court of Franklin county; and that a writ of enquiry issue from that court to ascertain the value of the slaves, Leah and her two children, Jim and Bob, according to the statute, and for such other proceedings in the causeas the law allows and requires.
*541 It is further considered that the appellee pays the cost of this appeal, to he taxed.